# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM, 1852, AT SALEM.

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,⎫
Hon. THERON METCALF,　⎬Justices.
Hon. GEORGE T. BIGELOW,⎭
Hon. CALEB CUSHING,

---

### Theodore Barnard *vs.* Bailey Bartlett

An officer acting *bonâ fide* may break and enter another's dwelling-house to arrest him on a criminal charge, although in the mistaken belief that such person is in the house at the time, provided he first requested an entrance, and be guilty of no unnecessary damage or violence.

Trespass for breaking and entering the plaintiff's close, and breaking down the doors, of his house, tried before *Hopkinson*, J. in the court of common pleas, March term, 1849. The declaration contained two counts, alleging distinct acts of trespass, committed on the 12th and 15th of April, 1848. The defendant specified in his defence that the

acts of trespass complained of, if any such were committed, were done by him as a deputy sheriff in the service of a warrant against the plaintiff, issued by a justice of the peace on a criminal charge.

It was in evidence that on the 12th of April, the defendant went to the plaintiff's house in the daytime to make service of the warrant, and was told that the plaintiff was not at home; that he thereupon waited a considerable time, and threatened to stay until the plaintiff came; and that he afterwards forced open the outer back door of the house. It was also in evidence that on the 15th of April the defendant went again to the plaintiff's house, in the night time, to serve the said warrant, and obtained an entry by forcing off, or breaking the fastenings of the door; but before breaking the door (which was done without unnecessary violence) the defendant demanded admittance; stated his purpose in entering, and waited a reasonable time for the doors to be opened. Evidence was introduced by the plaintiff to prove that he was not in the house at the time; but there was no evidence that any other person was there.

On this part of the case the jury were instructed that unless the plaintiff was in the house at the time of the breaking and entering, the defendant was not justified by his warrant, and would be a trespasser, although he acted *bonâ fide* in the belief that the plaintiff was there, and entered for the purpose of arresting him, and used no unnecessary violence, nor did any act which would have been unwarranted, if the plaintiff had been in the house. The jury upon these and other instructions which became immaterial, returned a verdict for the plaintiff, and the defendant excepted to the foregoing instructions.

The case was argued and determined at the November term, 1850.

*N. J. Lord,* for the defendant.

*B. F. Butler,* for the plaintiff.

DEWEY, J. The maxim of law that every man's house is his castle is applicable to arrests in civil suits, and has not the effect to restrain an officer of the law from breaking and

entering a dwelling-house for the purpose of serving a criminal process upon the occupant. In such case the house of the party is no sanctuary for him, and the same may be forcibly entered by such officer after a proper notification of the purpose of the entry, and a demand upon the inmates to open the house, and a refusal by them to do so. Foster, 320; 1 East P. C. 326; 1 Hale P. C. 459; *State* v. *Smith*, 1 N. Hamp. 346.

It being the duty of the officer to arrest the plaintiff, although in his own dwelling-house, and to effect this, if need be, by breaking and entering the house by force, it was his further duty to make search for him there, and although in the event it appeared that he was not in the house at the time such arrest was attempted to be made, yet the breaking and entering the house for the purpose of arresting him would be justified, if the officer acted *bonâ fide*, and under the belief that the party was there, and after proper notice, broke and entered the house, doing no unnecessary violence or damage.

The ruling of the court of common pleas was erroneous on this point, and the verdict must be set aside, and a

*New trial granted.*